futile. *See Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir.2000) (en banc) (setting forth standard of review and explaining that leave to amend should be given unless the deficiencies cannot be cured by amendment).

Because Salone's motion for return of property was time-barred, we do not consider Salone's arguments that there was no probable cause for the search.

**AFFIRMED.**

**Debra STEFANO, Plaintiff–Appellant,**

v.

**CITY OF LONG BEACH; et al., Defendants–Appellees.**

**No. 13–56156.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2015.*

Filed Oct. 23, 2015.

Debra Stefano, Los Alamitos, CA, pro se.

Howard Darryl Russell, Long Beach City Attorney's Office, Long Beach, CA, Peter James Ferguson, Allen Christiansen, Esquire, Ferguson, Praet & Sherman, Santa Ana, CA, for Defendants–Appellees.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SILVERMAN, BERZON, and WATFORD, Circuit Judges.

MEMORANDUM **

Debra Stefano appeals pro se from the district court's judgment in accordance with the terms of a settlement agreement in her 42 U.S.C. § 1983 action. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a decision to enforce a settlement agreement. *Kirkland v. Legion Ins. Co.,* 343 F.3d 1135, 1140 (9th Cir.2003). We affirm.

The district court did not abuse its discretion in denying Stefano's motion to set aside the settlement agreement because Stefano failed to establish grounds for invalidating the agreement. *See Ahern v. Cent. Pac. Freight Lines,* 846 F.2d 47, 48 (9th Cir.1988) (district court's finding that a party consented to a settlement and intended to be bound by it must be affirmed unless clearly erroneous); *see also* Cal. Civ.Code § 1569 (elements of duress).

Denial of Stefano's motion to disqualify her former counsel from continuing to represent the other plaintiffs was proper. *See Cohn v. Rosenfeld,* 733 F.2d 625, 631 (9th Cir.1984) (this court "will not disturb a district court's ruling on a motion to disqualify counsel if the record reveals any sound basis for the court's action" (citation and internal quotation marks omitted)); *Paul E. Iacono Structural Eng'r, Inc. v. Humphrey,* 722 F.2d 435, 438 (9th Cir. 1983) (setting forth standard of review).

We do not consider matters not specifically and distinctly raised and argued in

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.